**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMESINA CRAWFORD<br>1371 East Norcova Drive<br>Norfolk, VA 23502<br><br>Plaintiff,<br><br>v.<br><br>HANWHA PHILLY SHIPYARD<br>2100 Kitty Hawk Avenue<br>Philadelphia, PA 19112<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff Jamesina Crawford ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Hanwha Philly Shipyard ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621*, et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, with respect to discrimination on the basis of her age, race, and gender and in retaliation for her complaint(s) of discrimination in connection thereto.

**PARTIES**

2. Plaintiff Jamesina Crawford is a citizen of the United States and Virginia, and currently maintains a residence at 1371 East Norcova Drive Norfolk, VA 23502.

3. Upon information and belief, Defendant Hanwha Philly Shipyard is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 2100 Kitty Hawk Avenue Philadelphia, PA 19112.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

5. On or about July 23, 2025, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

6. Plaintiff's EEOC Charge was docketed as Charge No. 530-2025-08307 and was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

7. By correspondence dated July 22, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

9. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

10. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## **FACTUAL ALLEGATIONS**

13. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began her employment with Respondent on or about March 24, 2025, in the position of welder after passing a rigorous entrance exam through a staffing agency called HKA Enterprises, LLC.

15. By way of background, Plaintiff is an African-American woman.

16. By way of further background, Plaintiff was born on September 15, 1968, and at the time of her hiring was fifty-six (56) years old.

17. Notably, Plaintiff was the only woman Defendant employed as a welder.

18. While there were other female employees, they worked exclusively as Fire Watchers or Apprentices.

19. Furthermore, upon information and belief, Plaintiff was substantially older than the other welders Defendant employed.

20. Upon Plaintiff's hire, it quickly became clear that she was being subjected to disparate treatment on the basis of her gender and race, and that her supervisors and co-workers resented the fact that they had to work alongside an African-American female welder.

21. By way of example, on or about March 25, 2025, Defendant moved Plaintiff off of a welding job despite her more than thirty (30) years of experience as a welder and had her perform fire watching duties.

22. Plaintiff was also never given a locker or a key to the women's bathroom despite requesting the same on numerous occasions.

23. When Defendant *did* assign Plaintiff to welding duties, she was subjected to belittling comments such as "don't hurt yourself" and "why aren't you retired by now?"

24. Plaintiff's supervisor also assigned her to work on faulty machinery and ignored her attempts to inform him that the machinery was malfunctioning.

25. On or about March 27, 2025, Plaintiff texted her coordinator Pete LNU requesting to speak about her concerns regarding the aforementioned discrimination to which she was being subjected.

26. In doing so, Plaintiff engaged in protected activity under the ADEA, Title VII, PHRA, and Section 1981.

27. Upon information and belief, Pete LNU then informed Plaintiff's supervisors of her complaint.

28. While at work the next day on or about March 28, 2025, Plaintiff experienced an episode of urinary incontinence as a result of Defendant's failure to provide her with a key to the women's bathroom.

29. After waiting for security to arrive and open the door for her, Plaintiff called her supervisor Kerrondy Lewis and informed him of the incident.

30. Mr. Lewis then gave Plaintiff permission to go home and stated he would take care of clocking Plaintiff out.

31. Later that day, however, Pete LNU informed Plaintiff that Defendant was terminating her employment based upon the false allegation that she had left work without permission.

32. Pete LNU further informed Plaintiff that her termination was due to her alleged lack of welding production.

33. As stated above, however, Defendant prevented Plaintiff from performing her welding duties by assigning her to fire watching and by assigning her to work on faulty machinery.

34. Based on the aforementioned, Plaintiff believes and therefore avers that Defendant discriminated against her and ultimately terminated her employment because of her age (56), race, and gender and in retaliation for her complaints of discrimination in connection thereto in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, Section 1981, and the Pennsylvania Human Relations Act.

35. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. 621, *et seq.*
## DISCRIMINATION & RETALIATION

36. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

37. At all times relevant hereto, Defendant had at least twenty (20) employees.

38. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her age (56).

39. Defendant violated the ADEA by unlawfully discriminating against Plaintiff on account of her age, being fifty-six (56) at the time of the unlawful discrimination, and thus a member of a protected class under the ADEA.

40. Defendant acted willfully and with reckless indifference to Plaintiff's civil rights.

41. As a result of Defendant's actions, Plaintiff has suffered significant economic damages, including, but not limited to loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential fringe benefits, and other economic and/or pecuniary damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

A. Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVIANIA HUMAN RELATIONS ACT**
**43 Pa. C.S.A. § 951, *et seq.***
**<u>AGE DISCRIMINATION & RETALIATION</u>**

42. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

43. At all times relevant hereto, Defendant had at least four (4) employees.

44. At all times material hereto, Plaintiff was qualified for her position with Defendant.

45. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her age (56).

46. Ultimately, Defendant took tangible employment action against Plaintiff on the form of terminating her employment because of her age and in retaliation for her complaints of discrimination in connection thereto, in violation of the PHRA.

47. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

48. As a result of Defendant's actions, Plaintiff has suffered significant economic damages, including, but not limited to loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential fringe benefits, and other economic and/or pecuniary damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

A. Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq.***
**GENDER DISCRIMINATION AND RETALIATION**

49. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

50. Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

51. Plaintiff is a female and, as such, is a member of a protected class.

52. At all times material hereto, Plaintiff was qualified for her position with Defendant.

53. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her gender.

54. Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff from employment because of her gender, in violation of Title VII.

55. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

56. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## COUNT IV
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *et seq.*
## GENDER DISCRIMINATION AND RETALIATION

57. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

58. At all times relevant hereto, Defendant had at least four (4) employees.

59. At all times material hereto, Plaintiff was qualified for her position with Defendant.

60. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her gender.

61. Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff from employment because of her gender, in violation of the PHRA.

62. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

63. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

64. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT V**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq.***
**RACE DISCRIMINATION & RETALIATION**

65. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth as length herein.

66. Defendant employed at least fifteen (15) employees at their various locations at all times relevant hereto.

67. Plaintiff is African-American and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

68. Defendant subjected Plaintiff to disparate and discriminatory mistreatment on the basis of her race, in violation of Title VII.

69. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated Title VII by terminating Plaintiff's employment on the basis of her race.

70. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

71. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT VI**
**SECTION 1981**
**42 U.S.C. § 1981**
**DISCRIMINATION & RETALIATION**

72. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

73. Plaintiff avers that Defendant discriminated against her with respect to the terms and conditions of her employment on account of her race, by terminating her from employment because of her race.

74. Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT VII**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**RACE DISCRIMINATION AND RETALIATION**

75. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

76. At all times relevant hereto, Defendant had at least four (4) employees.

77. At all times material hereto, Plaintiff was qualified for her position with Defendant.

78. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her race.

79. Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff from employment because of her race, in violation of the PHRA.

80. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

81. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

82. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

F. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

G. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

H. Pre-judgment interest in an appropriate amount; and

I. Such other and further relief as is just and equitable under the circumstances; and,

J. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: s/ *Johannes Hoffman*
Michael Murphy, Esq.
Johannes Hoffman, Esq.
Eight Penn Center, Suite 2000

1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
jhoffman@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: August 25, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.